# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**BRYAN MATHIS,**

    **Plaintiff,**

  v.

**DANIELLE K. ANGELI, et al.,**

    **Defendants.**

Case No. 1:25-cv-209

JUDGE DOUGLAS R. COLE[1]

## ORDER

Plaintiff Bryan Mathis, a federal prisoner who is proceeding pro se, sues two Assistant United States Attorneys, United States District Court Judge Patricia A. Gaughan, and Detective Alcantara of the Euclid, Ohio, Police Department, for allegedly violating his constitutional rights. (Doc. 1, #3–4). On the same day Mathis filed his Complaint, he also moved to proceed in forma pauperis (IFP), and properly included a certified prisoner account statement. (Doc. 2). Starting with the latter, the Court **GRANTS** Mathis's Motion to Proceed IFP (Doc. 2). But after screening his Complaint under 28 U.S.C. § 1915(e)(2) the Court **DISMISSES** Mathis's Complaint. (Doc. 1).

## BACKGROUND

Mathis is currently serving a 120-month prison sentence after a jury convicted him of unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g)(1), and of possessing marijuana with intent to distribute it in violation of 21 U.S.C. §§ 841(a)(1),

---

[1] Sitting by designation under 28 U.S.C. § 292(b). (*See* Doc. 4).

(b)(1)(D). (*See* J., *United States v. Mathis*, No. 1:18-cr-1 (N.D. Ohio 2018), Doc. 40).[2] On appeal, Mathis argued that law enforcement personnel violated his Fourth Amendment rights during trash pulls and the search of his apartment, and that the trial court accordingly erred in failing to suppress that evidence. *United States v. Mathis*, 807 F. App'x 476, 477–78 (6th Cir. 2020). The Sixth Circuit, though, rejected his arguments and affirmed his conviction. *Id.* at 478–80.

Now Mathis tries another tack to raise largely those same concerns. Specifically, he sues the Assistant United States Attorneys who prosecuted his underlying criminal conviction (Defendants Danielle K. Angeli and Marisa T. Darden), the judge who presided over that case (District Court Judge Gaughan),[3] and the detective who worked the case (Defendant Alcantara). (Doc. 1, #3–4). He asserts *Bivens* claims against the AUSAs and the judge, and § 1983 claims against the detective. (*See id.* at #4).

According to his Complaint, beginning on November 8, 2017, Mathis became the victim of a conspiracy to violate several of his constitutional rights. (Doc. 1-1, #16). First, Mathis says that officers from the Euclid, Ohio, Police Department (presumably Detective Alcantara or those working at his behest, as Detective Alcantara is the only Euclid police officer Mathis names) "illegally searched" his trash, "raided [his] residence," "fabricate[d] an entire case," and "framed [him] for drug trafficking

---

[2] The Court can take judicial notice of proceedings in other courts of record and of judicial decisions. *Davidson v. Warden, Warren Corr. Inst.*, No. 2:18-cv-495, 2021 WL 1964487 at *1 (S.D. Ohio May 17, 2021).

[3] As noted above, because Mathis is suing a district court judge from the Northern District of Ohio, the undersigned is sitting by designation because "the public interest so requires." (Doc. 4, #39).

2

crimes." (*Id.*). Then he says that the AUSAs and Judge Gaughan allowed false evidence and testimony[4] that led to his conviction. (*Id.*). Based on those allegations, Mathis asserts six claims: (1) unlawful search and seizure in violation of his Fourth Amendment rights; (2) cruel and unusual punishment in violation of his Eighth Amendment rights; (3) deprivation of due process; (4) deprivation of his liberty interests; (5) unlawful imprisonment; and (6) false arrest. (*Id.* at #17). Mathis seeks $10 million in damages and claims he is injured by his "[c]ontinued false arrest and illegal imprisonment …, deprivation of familial relationships, deprivation of freedom to move about unrestricted, and loss of income potential." (*Id.*). In other words, Mathis's injury is his imprisonment.

## LAW AND ANALYSIS

Given the current procedural posture of the case, the Court must address two issues: (1) Mathis's motion to proceed IFP, and (2) the substance of his Complaint. The Court takes them in that order. As further discussed below, the Court concludes the former is well-taken, but that Mathis's Complaint fails to state a viable claim.

**A.  IFP Motion**

By statute, incarcerated litigants can commence a civil action "without prepayment of fees" when the litigant "submits an affidavit that includes a statement

---

[4] The Complaint does not specify whether he is alleging that the AUSAs and Judge Gaughan allowed such evidence and testimony to be used against him knowing it was false, or whether he contends they should have known it was false, or whether he does not contend they knew it was false at all. However, he later asserts that the AUSAs and Judge Gaughan "conspire[d]" with Euclid Police Department personnel, which seems to suggest (albeit in a conclusory fashion) at least some level of knowledge on the federal officials' part. (Doc. 1-1, #17).

of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). Based on Mathis's financial affidavit that he submitted with his motion, along with the certified trust fund account statement of his prison account (showing a $65.38 balance as of January 13, 2025), the Court agrees he cannot afford to pay the filing fee. (*See* Docs. 2, 2-2). The Court therefore **GRANTS** Mathis's Motion to Proceed IFP (Doc. 2).

"But § 1915 does not exempt litigants from paying the filing fee altogether." *Hendrickson v. Ohio*, No. 3:23-cv-1367, 2024 WL 1375900, at *1 (N.D. Ohio Apr. 1, 2024). Rather, the prisoner is "required to pay the full amount of a filing fee" over time. 28 U.S.C. § 1915(b)(1). Initially, the Court must assess an initial partial filing fee of 20 percent the greater of: (1) "the average monthly deposits to [Mathis's] account"; or (2) "the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint." *Id*. After Mathis pays that initial partial filing fee, he is "required to make monthly payments of 20 percent of the preceding month's income credited to [his] account" until the full filing fee of $350.00 is satisfied. *Id*. § 1915(b)(2). (*See also* Doc. 2-1, #32).

So in accordance with § 1915(b)(1), the Court **DIRECTS** the custodian of Mathis's inmate trust account (Inmate ID Number 59557-060) at the McKean Federal Correctional Institution to submit to the Clerk of the United States District Court for the Northern District of Ohio, as an initial partial payment, 20 percent of the greater of either (1) the average monthly deposits to the Mathis's inmate trust account or (2) the average monthly balance in the Mathis's inmate trust account, for the six-

month period immediately preceding the filing of his Complaint. After payment of the initial partial filing fee, under § 1915(b)(2), the Court further **DIRECTS** that same custodian to forward monthly payments of 20 percent of Mathis's preceding monthly income credited to his account (but only when the amount in his account exceeds $10.00) until the full $350.00 fee has been paid to the Clerk of this Court. *See McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997). Checks to the Clerk: (1) should be made payable to "Clerk, United States District Court"; (2) should include Mathis's name and case number (1:25-cv-209) on the check; and (3) should be sent to:

> Prisoner Accounts Receivable
> Carl B. Stokes U.S. Courthouse
> 801 West Superior Avenue
> Cleveland, Ohio 44113

Beyond that, the Court **ORDERS** that Mathis be allowed to prosecute this action without prepayment of fees or costs. The Court also **DIRECTS** the Clerk of Court to mail a copy of this Order to Mathis and the prison cashier's office.

**B.    § 1915A Screening**

Now onto Mathis's Complaint. Since Mathis is a prisoner and seeking redress against four government officers or employees, the Court is required to screen his Complaint "as soon as practicable after docketing." 28 U.S.C. § 1915A(a). That statute requires the Court to "dismiss the complaint, or any portion of the complaint, if the complaint … is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1). Additionally, the Court is required to dismiss claims that seek monetary relief from any defendant who is immune from such relief. *Id.* § 1915A(b)(2). In other words, the statute requires sua sponte dismissals if

5

warranted. A second statute, § 1915(e)(2)—the IFP statute—also requires sua sponte dismissal in the same instances. And that's because "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

Sua sponte dismissals for failure to state a claim are governed by the same standards that apply to motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under that standard, a "complaint must present sufficient facts to 'state a claim to relief that is plausible on its face.'" *Robbins v. New Cingular Wireless PCS, LLC*, 854 F.3d 315, 319 (6th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making that determination, the Court "construe[s] the complaint in the light most favorable to the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (cleaned up). But that does not mean the Court must take everything Mathis alleges at face value, no matter how unsupported. The Court may disregard "naked assertions" of fact, legal conclusions, or "formulaic recitations of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

So how does that play out here? The principal problem with Mathis's Complaint is that, even assuming everything he says is true, the Complaint is a transparent attempt to challenge his underlying criminal conviction. That won't do.

6

The Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), squarely blocks such efforts. "The *Heck* doctrine addresses a common situation: Criminal defendants often get convicted of a crime and then seek damages under § 1983 on the ground that public officials violated the Constitution while investigating or prosecuting the crime." *Chaney-Snell v. Young*, 98 F.4th 699, 707 (6th Cir. 2024).[5] *Heck* imposes an important prerequisite for prisoners seeking to advance such claims—"to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that *the conviction or sentence has been reversed on direct appeal, expunged … or called into question by a federal court's issuance of a writ of habeas corpus*." 512 U.S. at 486–87 (emphasis added). So prisoners can proceed under § 1983 or *Bivens* (the counterpart to § 1983 that applies to federal officials) only if both "(1) they do not seek an 'injunction ordering immediate or speedier release into the community,' and (2) 'a favorable judgment would not necessarily imply the invalidity of their convictions or sentences.'" *Kitchen v. Whitmer*, 106 F.4th 525, 539 (6th Cir. 2024) (quoting *Skinner v. Switzer*, 562 U.S. 521, 533–34 (2011)). Consistent with that, "one fixed star in the *Heck* constellation is that a plaintiff cannot pursue a claim where the alleged 'compensable injury' is 'the "injury" of being convicted and imprisoned.'" *Williams v. Taylor*, No. 1:22-cv-769, 2025 WL 410095, at *8 (S.D. Ohio Feb. 6, 2025) (quoting *Heck*, 512 U.S. at 487 n.7)).

---

[5] "[T]he *Heck* holding applies equally to an action brought under *Bivens*." *Robinson v. Jones*, 142 F.3d 905, 906–07 (6th Cir. 1998).

That latter point dooms Mathis's claim here. While he frames his alleged injury in various ways—"[c]ontinued false arrest and illegal imprisonment …, deprivation of familial relationships, deprivation of freedom to move about unrestricted, and loss of potential income"—those are simply differing ways to refer to the injury of being imprisoned. (*See* Doc. 1, #17). Moreover, every fact he alleges in the Complaint is intimately tied to the investigation and prosecution of his underlying criminal conviction. In other words, success on any of his six claims would "imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487. As a result, in order to proceed with this action, he must first make *Heck*'s required threshold showing. But he has not done so: his conviction was affirmed on appeal; his conviction has not been called into question through the issuance of a writ of habeas corpus; and it has not been expunged either. As a result, all of his claims fail.

Beyond that, some of the claims—specifically those he asserts against AUSA Angeli, AUSA Darden, and Judge Gaughan—also fail due to two related absolute immunity doctrines.[6] First, absolute prosecutorial immunity requires the Court to dismiss the claims against both AUSAs. Under that doctrine, prosecutors are immune from suit for "activities [] intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Koubriti v. Convertino*, 593 F.3d 459, 466–67 (6th Cir. 2010). Here Mathis alleges that the AUSAs "allowed the falsified testimony and illegally obtained evidence to justify [his]

---

[6] As explained below, the Court must reach this additional ground for dismissal because the form that the dismissal will take—with prejudice or without—turns on whether these Defendants are immune from suit.

8

false arrest, unlawful imprisonment and continued deprivation of [his] Constitutional rights." (Doc. 1-1, #16). As far as the Court can tell, Mathis takes issue with the evidence presented, and the testimony elicited, at trial. But these are exactly the types of actions for which prosecutors receive absolute immunity—even if they are alleged to have knowingly used false evidence. *See, e.g.*, *Burns v. Reed*, 500 U.S. 478, 485 (1991) (explaining that at common law prosecutors were immune from suit for "the knowing use of false testimony before the grand jury and at trial"); *Giles v. Garland*, No. 1:24-cv-10138, 2024 WL 1478862, at * (E.D. Mich. Apr. 5, 2024) ("Indeed, the Sixth Circuit has repeatedly recognized that absolute prosecutorial immunity has a 'long reach' and 'extends even to "unquestionably illegal or improper conduct," including instances where a defendant is genuinely wronged.'" (quoting *Price v. Montgomery Cnty.*, 72 F.4th 711, 719 (6th Cir. 2023))), *aff'd*, No. 24-1320, 2024 WL 4556462 (6th Cir. Aug. 21, 2024).

Second, absolute judicial immunity bars the claims against Judge Gaughan. Judges cannot be sued for money damages based on judicial acts that they undertake in their role as judges. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). And, like prosecutorial immunity, "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Id.* True, there are some limited exceptions to such immunity, but none are even arguably present here. *See Williams*, 2025 WL 410095, at *13.

In short, Mathis's entire action must be dismissed. But the form of dismissal differs among the claims. As noted, immunity doctrines shield three Defendants from

suit based on the allegations here. So the Court **DISMISSES WITH PREJUDICE** Mathis's claims against Defendants Judge Gaughan, AUSA Angeli, and AUSA Darden. The claims against Detective Alcantara, however, fail only on *Heck* grounds. And the Sixth Circuit has instructed that *Heck*-barred claims should be dismissed "*without prejudice* so that the § 1983 [or *Bivens*] plaintiff may refile the suit if a court later invalidates the prior conviction." *Chaney-Snell*, 98 F.4th at 710 (emphasis in original). Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Mathis's claims against Defendant Alcantara. But, as to those claims, Mathis can refile only if he can make the necessary showing under *Heck*.

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** Mathis's Motion to Proceed IFP (Doc. 2). Nonetheless, after conducting the required screening, the Court **DISMISSES** Mathis's Complaint (Doc. 1). Specifically, the Court **DISMISSES WITH PREJUDICE** all claims against Defendants Judge Gaughan, AUSA Angeli, and AUSA Darden, and it **DISMISSES WITHOUT PREJUDICE** all claims against Defendant Alcantara. Finally, the Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

**SO ORDERED.**

May 5, 2025
 **DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

PL-2 (7/96) N.D. OHIO

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

# INSTRUCTIONS FOR PAYMENT OF PRISONER FILING FEE AND SUBSEQUENT INSTALLMENT PAYMENTS

_____

The prisoner shown as the plaintiff on the attached order has filed a civil action <u>in forma pauperis</u> in this court and owes the court a filing fee. Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

> The initial partial fee listed on the attached order should be deducted by the prison cashier's office from the prisoner's account, when funds are available therein, until the initial partial fee is paid. A check (or checks) in the appropriate amount(s) should be attached to a form like that accompanying these instructions and sent to the address indicated below.

> Following the payment of the initial partial fee and continuing thereafter until the full fee has been paid, monthly payments of 20% of the preceding month's income credited to the prisoner's account should be deducted and forwarded to the court each time the amount in the account exceeds $10.

If the prisoner has filed more than one complaint in this district, (s)he is required to pay a fee in each case. The prison cashier's office shall make the monthly calculations and payments for each case in which it receives an order granting <u>in forma pauperis</u> status and these instructions. **<u>The prisoner's name and case number must be noted on each remittance.</u>**

Checks are to be made payable to:

> **Clerk, U.S. District Court**

Checks are to be sent to:

> **Prisoner Accounts Receivable**
> **Carl B. Stokes United States Courthouse**
> **801 West Superior Avenue**
> **Cleveland, Ohio 44113**